55 Clinton Street, LLC, 
against
Astrid Schumacher, Respondent-Tenant-Respondent, and "John Doe" and "Jane Doe," Respondents-Undertenants- Respondents.




Landlord, as limited by its brief, appeals from that portion of an order of the Civil Court of the City of New York, New York County, dated October 4, 2018 (Kimon C. Thermos, J.), which granted tenant's cross motion to dismiss the petition in a holdover summary proceeding.




Per Curiam.
Order (Kimon C. Thermos, J.), dated October 4, 2018, insofar as appealed from, reversed, with $10 costs, tenant's cross motion denied, petition reinstated and the matter remanded to Civil Court for further proceedings.
Tenant's cross motion to dismiss this nonprimary residence holdover proceeding, premised upon claimed deficiencies in the combined notice of lease nonrenewal and termination, should have been denied. The notice alleged, inter alia, that tenant was not occupying the subject rent stabilized apartment, as confirmed by landlord's agents or employees and tenant's neighbors; that tenant was "currently living" at 1470 Canyon Road, Sante Fe, New Mexico and that tenant advertised her unit for availability on the Airbnb website. The notice thus set forth case-specific allegations tending to support landlord's nonprimary residence claim with sufficient detail to have allowed tenant to prepare a defense (see Rascoff/Zsyblat Org. v Directors Guild of Am., 297 AD2d 241, 242 [2002], lv dismissed in part and denied in part 99 NY2d 573 [2003]), and otherwise satisfied the specificity requirements of Rent Stabilization Code (9 NYCRR) § 2524.2(b) and governing precedent (see Oxford Towers Co., LLC v Leites, 41 AD3d 144, 144-145 [2007]; Hughes v Lenox Hill Hosp., 226 AD2d 4, 18 [1996], lv denied 90 NY2d 829 [1997]). Tenant does not allege that she was misled or confused as to the nature of this proceeding or was prejudiced in responding to the petition (see Avon Bard Co. v Aquarian Found., 260 AD2d 207, 210 [1999], appeal dismissed 93 NY2d 998 [1999]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 27, 2019